IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE A. MARIN-FELICIANO, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-11-2382 |
| JOHN F. WETZEL, ET AL., | : (Judge Conaboy) |
| Defendants | : |

FILED
SCRANTON
AUG 21 2015
PER _____ CJC
DEPUTY CLERK

**MEMORANDUM**
**Background**

Jose A. Marin-Feliciano (Plaintiff), an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas) initiated this pro se civil rights action. Named as Defendants are Secretary John Wetzel and Chief Grievance Officer Dorina Varner of the Pennsylvania Department of Corrections (DOC) as well as the following SCI-Dallas officials Chaplain James Pall[1], Superintendent Jerome Walsh, and members of the DOC's Religious Accommodation Review Committee.

Plaintiff describes himself as being a "Native American from the Taino Nation, born in Puerto Rico." Doc. 1, ¶ IV (2). According to the Complaint, Marin-Feliciano applied for an religious exemption from the DOC's hair grooming policy which was

---

1. Chaplains are hired by the DOC as full or part time employees or on a contractual basis. See Smith v. Kyler, 295 Fed. Appx. 479 (3d Cir. 2008).

1

denied because he did not have "enough knowledge about the Taino faith at the time I applied for a hair exemption."[2] Id. at (1). When Marin-Feliciano attempted to refile his request, Chaplain Pall purportedly told him that he would have to wait one year.

By Memorandum and Order dated February 15, 2013, this Court partially granted Defendants' motion to dismiss. See Doc. 26. Dismissal was granted in favor of Secretary Wetzel, Chief Grievance Officer Varner and Superintendent Walsh. Second, Marin-Feliciano's damage claims against Defendants in their official capacities and his RILUPA claims for monetary damages were dismissed.

The claim that Chaplain Pall violated the First Amendment or RLUPIA in recommending denial of Marin-Feliciano's initial request for a religious exemption to the hair grooming regulation was granted. However, the claim that Chaplain Pall improperly imposed a one (1) year waiting period on Plaintiff's ability to reassert his request for a religious exemption to the DOC's hair grooming policy was allowed to proceed.

An answer to the surviving claim was thereafter filed. See Doc. 27.

### Discussion

On August 19, 2015, Defendants, acting on Plaintiff's behalf, filed "Plaintiff's Notice of Voluntary Dismissal." Doc. 32, p. 1. The submission which is signed by Marin-Feliciano states

---

2. Plaintiff indicates that he wishes to grow his hair long to honor my ancestors and creator.

that he "whereby voluntarily dismisses the above captioned matter pursuant to Fed. R. Civ. P. 41(a)(1)." Id.

Plaintiff's notice of dismissal will be construed as seeking voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[3] Since the Remaining Defendants have already filed an answer, Plaintiff is not entitled to voluntary dismissal under Rule 41(a)(1). However, Rule 41(a)(2) permits a court to grant a plaintiff's request for voluntary dismissal "only by court order and on terms that the court considers proper."

Whether to grant or deny a party's motion for voluntary dismissal, however, lies entirely within the sound discretion of the court. Eighteen Various Firearms, 148 F.R.D. at 531; Citizens Savs. Ass'n v. Franciscus, 120 F.R.D. 22, 24 (M.D. Pa. 1988). Motions to voluntarily dismiss an action "should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit." Id.; Shulley v. Mileur, 115 F.R.D. 50, 51 (M.D. Pa. 1987) (citing John Evans Sons, Inc. v. Majik Ironers, Inc., 95 F.R.D. 186 190 (E.D. Pa. 1982)).

---

3. Federal Rule of Civil Procedure 41(a)(2) provides:

> (2) **By Order of Court; Effect** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on such terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

3

In the instant case, there is no indication that the Remaining Defendants will suffer any harm other than the possibility of having to address a future, similar lawsuit filed by the Plaintiff. This conclusion is bolstered by the fact that they submitted the notice of voluntary dismissal on Plaintiff's behalf.

The Court will grant Plaintiff's motion and his remaining claims will be dismissed without prejudice. However, Plaintiff is forewarned that renewal of his claims is subject to the applicable statute of limitations. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985). An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 21st 2015

4